**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD, | Case No. 1:13-cv-01118-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS |
| v. | |
| DOCTOR KIM, et al., | ORDER REQUIRING PLAINTIFF TO SUBMIT $400 FILING FEE |
| Defendants. | (ECF Nos. 2 & 3) |
| | FORTY-FIVE DAY DEADLINE |

Plaintiff Jesse L. Youngblood ("Plaintiff") is a state prisoner appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 19, 2013, Plaintiff filed two motions to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." In order to determine whether Plaintiff is entitled to proceed in forma pauperis, the Court may take judicial notice of court records in other cases. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

Here, Plaintiff has on three occasions, while incarcerated, brought an action that was dismissed for failure to state a claim upon which relief could be granted. The Court takes judicial notice of case numbers 2:05-cv-00727-LKK-DAD (dismissed November 11, 2006 for failure to state a claim); 2:11-cv-02159-GGH (dismissed October 21, 2011 for failure to state a claim); and 4:12-cv-4423-PJH (dismissed February 4, 2012 as frivolous and for failure to state a claim). Dismissals pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) count as § 1915(g) strikes as Plaintiff failed to state a claim. Romero v. United States, No. CV-11-531-PHX-DGC(LOA), 2011 WL 1261293, at *3 n. 4 (D. Az. Apr. 5, 2011) (finding cases dismissed pursuant to Heck are dismissals for failure to state a claim); Ransom v. Martinez, No. 1:07-CV-01511-AWI-DLB(PC), 2011 WL 867069, at *1 (E.D. Cal. Mar. 10, 2011); Hamilton, v. Lyons, 74 F.3d 99, 102 (5th Cir.1996); Schafer v. Moore, 46 F.3d 43, 45 (8th Cir.1995). Accordingly, Plaintiff is subject to section 1915(g) and is precluded from proceeding in forma pauperis unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's complaint alleges constitutional violations that occurred in the past and seeks only monetary damages. Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed in forma pauperis in this action. Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to proceed in forma pauperis in this action are DENIED; and

///

///

2

2. Plaintiff must submit the $400.00 filing fee in full, within forty-five (45) days from the date of service of this order, or this action will be dismissed.

IT IS SO ORDERED.

Dated:   **August 1, 2013**

UNITED STATES MAGISTRATE JUDGE