UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>   Plaintiff,<br><br>   v.<br><br>DOCTOR KIM, et al.,<br><br>   Defendants. | Case No.: 1:13-cv-01118-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO PAY THE $400.00 FILING FEE<br><br>[ECF No. 5] |

Plaintiff Jesse L. Youngblood is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c)(1), Plaintiff has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

Plaintiff filed this action on June July 19, 2013. On August 2, 2013, the Court issued an order finding plaintiff ineligible to proceed in forma pauperis in this action, and requiring plaintiff to pay $400.00 filing fee in full within forty-five days. 28 U.S.C. § 1915(g). More than forty-five days have passed and plaintiff has not complied with the Court's order; rather, plaintiff has continued to file further motions to proceed in forma pauperis which has already been addressed and denied by the court. (ECF Nos. 8 & 11.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to

1  control their dockets and "in the exercise of that power, they may impose sanctions including, where
2  appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).
3  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure
4  to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52,
5  53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d
6  1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
7  complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
8  with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal
9  Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order);
10 Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of
11 prosecution and failure to comply with local rules). In determining whether to dismiss an action for
12 lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must
13 consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's
14 need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring
15 disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782
16 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
17 Ghazali, 46 F.3d at 53.

18       In the instant case, the Court finds that the public's interest in expeditiously resolving this
19 litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third
20 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury
21 arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542
22 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their
23 merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a Court's
24 warning to a party that his failure to obey the Court's order will result in dismissal satisfies the
25 "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at
26 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring plaintiff to pay the filing fee in full
27 within forty-five days expressly stated: "Plaintiff must submit the $400.00 filing fee in full, within
28 forty-five (45) days from the date of service of this order, or this action will be dismissed." Thus,

plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, this action is HEREBY DISMISSED, without prejudice, based on plaintiff's failure to obey the Court's order of August 2, 2013.

IT IS SO ORDERED.

Dated:   **September 30, 2013**              _____
                                             UNITED STATES MAGISTRATE JUDGE